IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MONTGOMERY, | ) Case No. C-12-2453 SC |
| Plaintiff, | ) ORDER GRANTING MOTION TO ) <u>DIMISS</u> |
| v. | ) |
| PNC BANK, NATIONAL ASSOCIATION, and DOES 1 through 100, inclusive, | ) ) |
| Defendants. | ) ) ) |

## I. INTRODUCTION

Plaintiff Larry Montgomery ("Montgomery") brings this action against Defendant PNC Bank, National Association ("PNC") for improper credit reporting. Specifically, Montgomery alleges that PNC improperly reported his account as delinquent even though the bank was aware that Montgomery's debts had been discharged through bankruptcy. ECF No. 1 ("Not. of Removal") Ex. A ("Compl.") ¶¶ 15-17. PNC now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 6 ("MTD").[1] The motion is fully briefed, ECF Nos. 11, ("Opp'n"), 16 ("Reply"), and the Court finds the matter appropriate for determination without oral

---

[1] PNC initially filed its motion before Chief Magistrate Judge Maria-Elena James. ECF No. 6. PNC later declined to proceed before a magistrate judge, ECF No. 7, and the case was re-assigned to the undersigned, ECF No. 9. PNC then re-noticed its motion. ECF No. 12.

argument, see Civ. L. Rule 7-1(b).  As detailed herein, PNC's motion to dismiss is GRANTED and this action is DISMISSED WITH PREJUDICE.

**II.  BACKGROUND**

Montgomery filed a voluntary Chapter 7 bankruptcy petition on March 8, 2010.  Compl. ¶ 12.  As a result of the bankruptcy proceedings that followed, Montgomery was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727.  Id. ¶ 13.  Montgomery alleges that this discharge included his $993,750 debt to PNC.  Id. ¶¶ 13, 15.  On April 7, 2011, Montgomery sent a letter to the credit reporting agency Experian, contesting the inclusion of certain information in his credit profile.  Id. ¶ 16, Ex. A ("Experian Ltr.").  Referring to Montgomery's PNC account ending 8530, the letter stated: "This account was included in my bankruptcy.  This account should not be reporting a high balance, lates, charge-offs, and should be reflecting a 0 balance.  Remove these delinquent items now."  Experian Ltr.

Montgomery alleges that, despite his letter to Experian, PNC continued to improperly report his credit and also failed to report to Experian that his account information was disputed.  Compl. ¶ 17.  Montgomery specifically points to a May 28, 2011 Experian credit report, which is attached to the Complaint as Exhibit C.  Id.  With respect to the PNC account identified in the Complaint, the credit report describes the "Recent balance" and "Monthly Payment" as "Not reported."  Id. Ex. C.  It further states: "Account transferred to another lender," and "Status: Transferred, closed."  Id.  The document does not report a "high balance,"

"lates," or "charge-offs" for the account.  Nor does it indicate that the account is delinquent.  The credit report also refers to another PNC account, which is described as "Discharged through Bankruptcy Chapter 7."  Id.  Montgomery alleges that PNC refuses to correct his credit report despite being noticed of his bankruptcy and re-noticed of the inaccurate reporting.  Compl. ¶ 18.

On April 12, 2012, Montgomery filed the instant action in the Superior Court of the State of California in and for the County of Alameda.  The case was subsequently removed to federal court.  Montgomery asserts nine causes of action: (1) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b); (2) violation of the California Song-Beverly Credit Card Act, Cal. Civ. Code § 1747, et seq.; (3) violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a); (4) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (5) libel; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) deceit; and (9) constructive fraud.

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery."  <u>Starr v. Baca</u>, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV. DISCUSSION**

Each of Montgomery's claims is predicated on his allegation that PNC falsely reported that he was delinquent on his PNC loan payments.  <u>See</u> Compl. ¶¶ 30-31, 40, 48, 63, 68, 77, 81, 86, 91.  In his pleadings and his opposition to PNC's motion to dismiss, Montgomery relies on Exhibit C to the Complaint as evidence of this alleged false reporting.  <u>See</u> <u>id.</u> ¶ 17; Opp'n at 10.  However, Exhibit C, a May 28, 2011 Experian credit report, does not report a delinquency on the PNC account identified in the Complaint.  Rather, Exhibit C describes that account as follows: "Recent balance: Not reported," and "Status: Transferred, closed."[2]

---

[2] To the extent that Montgomery intends to allege that PNC falsely reported the status of his other PNC account, his allegations are also contradicted by Exhibit C.  The Experian credit report describes this other account as "[d]ischarged through Bankruptcy Chapter 7."  Compl. Ex. C.

This glaring inconsistency is fatal to Montgomery's claims. As Montgomery argues in his opposition to the motion to dismiss: "Documents attached to the complaint may . . . be considered by the court in determining the sufficiency of Plaintiff's complaint." Opp'n at 7 (citing Parks School of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)).  Indeed, "when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations."  Thompson v. Illinois Dept. of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002) (emphasis in the original).  Despite the fact that this inconsistency was raised in PNC's moving papers, see MTD at 3, Montgomery does not coherently address the point in his opposition.

Accordingly, the Court finds that Montgomery cannot state a plausible claim for relief because his allegations are directly contradicted by an exhibit attached to his Complaint.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant PNC Bank's motion to dismiss.  Plaintiff Larry Montgomery's complaint is dismissed WITH PREJUDICE.


IT IS SO ORDERED.

Dated: August 6, 2012                       _____
                                            UNITED STATES DISTRICT JUDGE